UNITED STATES DISTRICT COURT
IN THE DISTRICT OF ALASKA



BRIAN HALL,
RICHARD R. BLEVINS,

    Plaintiff's,

VS.

STATE OF ALASKA, DEPARTMENT
OF CORRECTIONS, JEN WINKELMAN,
COMMISSIONER,

    Defendants,

Case No. 3:24CV-00057-JMK

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes now, Brian Hall and Richard R. Blevins, Plaintiffs, Pro Se, asking this court to declare that a policy/practice of the STATE OF ALASKA DEPARTMENT OF CORRECTIONS substantially burdens their religous practice under the definition of such as described in 42 USCS 2000cc-1, the Religous Land Use and Institutionalized Persons Act (RLUIPA). This action seeks declaratory and injunctive relief in the form of an order directing the Department of Corrections to cease the use and enforcement of said policy.

### JURISDICTION

1. This court has jurisdiction over this action pursuant to 42 USCS 2000cc-2 and 28 USCS 1331.

### REASON FOR JOINDER

2. The Plaintiff's enjoin their claims in this complaint as a matter of judicial economy and present substantially identical legal

Page 1 of 5

claims and relevant facts.

## PARTIES

3. Brian Hall, Plaintiff, is a citizen of the State of Alaska, and a practitioner of the Native American Religion. He has been a sincere practitioner of this religion since 1996. He currently resides at the Wildwood Correctional Center, 10 Chugach Ave. Kenai, Alaska, 99611.

4. Richard R. Blevins, Plaintiff, is a citizen of the State of Alaska, and a practitioner of the Asatru religion. He has been a sincere practitioner of this religion since 2011. He currently resides at the Wildwood Correctional Center, 10 Chugach Ave. Kenai, Alaska, 99611.

5. The DEPARTMENT OF CORRECTIONS, Defendant, is an agency of the STATE OF ALASKA. Its principle place of business is located at P.O. Box 112000, Juneau, Alaska, 99801-2000. The Department of Corrections is being sued in its official capacity.

6. Jen Winkelman, Defendant, is the commissioner of the Department of Corrections. Her principle place of business is located at 550 West 7th Avenue, Anchorage, Alaska, 99501. She is being sued in her official capacity.

## STATEMENT OF THE CASE

7. The Department of Corrections (DOC) administers procedures to allow for the purchase and posession of personal property for prisoners under the authority of AS 33.30.251 and AS 33.30.021 et al.

8. The DOC created policy 811.05 to instruct all DOC employees and inmates on how it will implement AS 33.30.251 and AS 33.30.021 et al.

9. DOC Policy 811.05(c) outlines the authorized personal property list that inmates are authorized to purchase and retain.

10. Specifically, DOC Policy 811.05(c) requires that inmates may only purchase calendars for personal possession from the prisoner commissarry.

11. The prisoner commissarry does not sell calendars that are compatible with either the Asatru or Native American religions.

12. 42 USCS 2000cc-1 prohibits the DOC from substantially imposing a burden on the religous exercise of a person residing in or confined to an institution as defined in 42 USCS 1997; even if the burden results from a rule of general applicability unless the government demonstrates that the restriction is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest.

13. The DOC has refused to allow a religous exemption to policy 811.05(c).

14. Refusing to allow a religous exemption to the portions of policy 811.05(c) mentioned above imposes a substantial burden on the Plaintiff's religous exercise as described in 42 USCS 2000cc-1.

15. The portion of DOC Policy 811.05(c) described above is not in furtherance of any compelling government interest.

16. Refusing to allow a religous exemption is not the least restrictive means of implementing the portion of Policy 811.05(c) mentioned above.

17. The DOC does not consistently apply Policy 811.05(c) across all religions.

18. DOC Policy 811.05(c) violates the Plaintiff's rights under The United States Constitution and the first amendment right to the free exercise of religion.

19. Both Plaintiff's exhausted all administrative remedies pursuant to DOC Policy 808.03 before commencing this action.

## CAUSE OF ACTION

20. The DOC has failed to demonstrate that the ban on purchasing calendars from a vendor other than commissarry is the least restrictive means of implementing its policy under 42 USCS 2000cc-1.

21. The DOC has failed to demonstrate that the portion of policy 811.05(c) banning the purchase of calendars from a vendor other than commissary is in furtherance of a compelling government interest pursuant to 42 USCS 2000cc-1.

22. The DOC's use of Policy 811.05(c) imposes a substantial burden on the Plaintiff's religous practice pursuant to 42USCS 2000cc-1.

23. Failure to comply with the requirements of 42 USCS 2000cc-1 requires the DOC to abandon or alter its policy in 811.05(c).

24. The DOC's use of 811.05(c) violates the Plaintiff's rights Under the United States Constitution and the first amendment right to the free exercise of religion.

## RELIEF REQUESTED

The Plaintiff's ask this court:

25. To declare that the section of DOC Policy mentioned in paragraph 9, 10, and 13-18 above is not in furtherance of a compelling government interest.

26. To declare that the section of DOC Policy mentioned in Paragraph 9, 10, and 13-18 above is not the least restrictive means of furthering any government interest.

27. To declare that the section of DOC Policy mentioned in paragraph 9, 10, and 13-18 above impose a substantial burden on the Plaintiff's exercise of religion as prohibited in 42 USCS 2000cc-1.

28. To declare that the section of DOC Policy mentioned in paragraph 9, 10, and 13-18 above violates the UNited States Constitution and the first amendment right to the free exercise of religion.

29. To grant injunctive relief in the form of an order directing the DOC to amend, abolish, or otherwise cease the use and enforcement of the section of DOC policy mentioned in paragraph 9, 10, and 13-18 above; and

30. To award the reasonable costs and fees for the expense of this litigation.

### VERIFICATION

Plaintiff's both declare under penalty of perjury that all of the statements made herein are true and correct to the best of their knowledge and belief.

Respecfully submitted this 06 day of March, 2024.

_Brian Hall, Pro Se_

_Richard R. Blevins, Pro Se_

Richard K. Blevins
Wildwood Correctional Center
10 Chugach Ave.
Kenai, Alaska, 99611.



United States District Courthouse.
222 West 7th Ave #50.
Anchorage, Alaska, 99501.

This letter was written By An Inmate At Wildwood Correctional Center