IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| BRIAN HALL and<br>RICHARD BLEVINS,<br><br>                Plaintiffs,<br><br>                v.<br><br>STATE OF ALASKA DEPARTMENT<br>OF CORRECTIONS and JEN<br>WINKELMAN,<br><br>                Defendants. | Case No. 3:24-cv-00057-SLG |
|---|---|

## **ORDER SEVERING CLAIMS OF PLAINTIFF RICHARD BLEVINS**

On March 14, 2024, self-represented prisoners Brian Hall and Richard Blevins ("Co-Plaintiffs") filed a prisoner's civil complaint against the State of Alaska Department of Corrections and Jen Winkelman alleging violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA).[1] After the Court notified Co-Plaintiffs that their filing was deficient, the Clerk received the $405.00 filing fee on April 22, 2024.[2]

The Court has now screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Liberally construed,[3] the Complaint contains sufficient

---

[1] Docket 1.

[2] Filing Fee Receipt Number 100021146.

[3] *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam)); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted) (a federal court must accept the allegations as true, construe the

facts, that accepted as true, state plausible claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA).[4] However, as explained below, self-represented prisoners may not be joined as co-plaintiffs in this action, and instead, must proceed with their own separate lawsuits. Therefore, Plaintiff Richard Blevins' claims are SEVERED and this action will proceed solely with respect to the claims of Brian Hall. The Court will open a new suit with a separate case number in Plaintiff Richard Blevins' name and consider the Complaint in this action to be his Complaint with respect to his claims in a separate action.

## I. Legal Standards

### A. Permissive Joinder

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance."[5]

---

pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor).

[4] Docket 8-1.

[5] *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citations omitted); Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Case No. 3:24-cv-00057-SLG, *Hall v. Alaska DOC, et al.*
Order Severing Claims of Plaintiff Richard Blevins
Page 2 of 8
Case 3:24-cv-00057-SLG   Document 6   Filed 10/21/24   Page 2 of 8

Actions brought by multiple self-represented prisoners present unique problems not presented by ordinary civil litigation. For example, transfer of one or more plaintiffs to different institutions or release on parole, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion. In addition, the filing fee requirement in the Prison Litigation Reform Act of 1995 ("PLRA") counsels that prisoners may not bring multi-plaintiff actions; rather, each prisoner plaintiff must each pay the full filing fee and proceed in a separate case.[6] In order not to undermine the PLRA's deterrent purpose, courts have held that the PLRA does not permit joinder of prisoner claims so as to share the mandatory filing fee.[7]

### B. Severance of Claims

Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "[a]ny claim against a party may be severed and proceeded with separately." Federal courts

---

[6] The PLRA expressly requires that "the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the federal courts. *See* 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Jon Kyl) ("Section 2 will require prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee on commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively.").

[7] *See, e.g., Hubbard v. Haley,* 262 F.3d 1194, 1197 (11th Cir. 2001) (upholding district court's dismissal of an action brought by 18 prisoner plaintiffs based on a finding that each plaintiff had to file a separate complaint and pay a separate filing fee).

Case No. 3:24-cv-00057-SLG, *Hall v. Alaska DOC, et al.*
Order Severing Claims of Plaintiff Richard Blevins
Page 3 of 8
Case 3:24-cv-00057-SLG     Document 6     Filed 10/21/24     Page 3 of 8

have broad discretion regarding severance under Rule 21.[8] A federal court may sever misjoined parties as long as no substantial right is prejudiced by severance.[9]

**I.     Discussion**

Plaintiffs bring suit under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a) against the Department of Corrections (DOC) and Commissioner Jen Winkleman in her official capacity.[10] Plaintiffs challenge DOC Policy 811.05(c), which only allows prisoners to purchase and retain calendars from the prison's commissary.[11] Plaintiffs allege the available calendars are not compatible with either of their religions, and DOC has refused to allow a religious exemption to the policy. Plaintiffs also claim DOC does not consistently apply Policy 811.05(c) across all religions. For relief, Plaintiffs seek declaratory and injunctive relief in the form of an order directing DOC to cease the use and enforcement of said policy.[12]

Plaintiffs are both currently imprisoned in the Wildwood Correctional Center, and they each signed the Complaint. They seek to proceed as co-plaintiffs in this action "as a matter of judicial economy" because their claims "present substantially

---

[8] *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1297 (9th Cir. 2000).

[9] Fed. R. Civ. P. 21.

[10] Proper defendants in RLUIPA actions include "States, counties, municipalities, their instrumentalities and officers, and persons acting under color of state law." 42 U.S.C. § 2000cc-5(4)(A)).

[11] Docket 1 at 3.

[12] Docket 1 at 4-5.

Case No. 3:24-cv-00057-SLG, *Hall v. Alaska DOC, et al.*
Order Severing Claims of Plaintiff Richard Blevins
Page 4 of 8
Case 3:24-cv-00057-SLG     Document 6     Filed 10/21/24     Page 4 of 8

identical legal claims and relevant facts."[13] Although the common legal question concerns the constitutionality of the same DOC policy, Plaintiffs practice different religions—Plaintiff Hall claims he is a practitioner of the Native American Religion and Plaintiff Blevins claims to practice the Asataru religion. Further, the policies of the PLRA warrant the severance of Plaintiffs' claims into two separate cases, particularly as there is no evidence before the Court that requiring the two Plaintiffs to proceed independently will cause prejudice, unfairness, or injustice.

For these reasons, the misjoined parties must be severed. Plaintiff Hall is the first named Plaintiff and appears to have paid his filing fee.[14] Therefore, Plaintiff Blevins will be severed from this action and his claim shall proceed separately. To pursue his claims, Plaintiff Blevins must either pay the filing fee or file an application to waive prepayment of the filing fee in his new case **within 30 days from the date of this order**. If Plaintiff Blevins paid all or some of the filing fee, he is directed to file a declaration or affidavit with the Court that describes the factual events that took place, how much of the filing fee should be credited to his new case, and any supporting documents.

While federal law allows a litigant to commence a civil action without *prepaying* the fees, prisoner plaintiffs remain obligated to pay the entire fee in

---

[13] Docket 1 at 1.

[14] According to the Clerk of Court's records, the $405 filing fee was paid by Angela Hall on behalf of Brian Hall.

Case No. 3:24-cv-00057-SLG, *Hall v. Alaska DOC, et al.*
Order Severing Claims of Plaintiff Richard Blevins
Page 5 of 8
Case 3:24-cv-00057-SLG   Document 6   Filed 10/21/24   Page 5 of 8

"increments" or "installments," until the entire $350 statutory filing fee is paid, regardless of the outcome of the case.[15] Should the Court approve Mr. Blevins' application to proceed without prepaying the filing fee, the Court will issue a separate order on collection of the full filing fee.

IT IS THEREFORE ORDERED:

1. The Court sua sponte **SEVERS** the claims of Plaintiff Richard Belvins from this action.

2. The Clerk is directed to open a new case for Mr. Blevins. The Clerk shall docket a copy of the Complaint and a copy of this order in the new case.

3. Plaintiff Brian Hall shall now proceed as the sole Plaintiff in this case. The Clerk shall update the case caption of this case accordingly to identity Brian Hall as the sole Plaintiff.

4. Neither Plaintiff shall attempt to serve either Defendant until the Court issues an order directing service in that Plaintiff's case.

5. Each Plaintiff shall proceed in his separate action. All future filings must be identified with the appropriate case name and number for that Plaintiff.

6. **Within 30 days of the date of this order,** Mr. Blevins must either pay the filing fee of $405.00, file an application to waive prepayment of the filing fee,

---

[15] 28 U.S.C. § 1915. *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (the $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

or file a declaration affidavit explaining why all or part of the filing fee paid in this case should be credited to his new case. An application to waive prepayment of the filing fee must be completed, signed, and include a copy of the prisoner's trust account statement for the past six months. **Mr. Blevin's failure to timely file the application to waive prepayment or pay the filing fee in his new case may result in the dismissal of that case without further notice to him.**

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[16] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to that plaintiff.

8. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to your case. You may contact the Clerk's Office for questions regarding Court procedures or assistance accessing legal forms and resources.

---

[16] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00057-SLG, *Hall v. Alaska DOC, et al.*
Order Severing Claims of Plaintiff Richard Blevins
Page 7 of 8
Case 3:24-cv-00057-SLG    Document 6    Filed 10/21/24    Page 7 of 8

Please note that Clerk's Office staff are prohibited by law from providing legal advice.

9. The Clerk shall send Plaintiff Hall (1) a copy of this order; and (2) form PS23, Notice of Change of Address.

10. After opening a new case for Mr. Blevins, the Clerk shall send (1) a copy of the Notice of Electronic Filing (NEF) bearing the new case number, (2) a copy of this order, (3) form PS10 (Prisoner's Application to Waive Prepayment of the Filing Fee), and (4) form PS23 (Notice of Change of Address).

DATED this 21st day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE